```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**DOLLY H.,**

      **Plaintiff,**

**v.**                                      **Civil Action No. 2:22-cv-00573**

**KILOLO KIJAKAZI,**
**Acting Commissioner of**
**Social Security,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

On December 12, 2022, plaintiff Dolly H. instituted this action seeking judicial review of the Acting Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Pending before the court is Plaintiff's complaint (ECF No. 1), which was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R"). The magistrate judge filed her PF&R on August 31, 2023 (ECF No. 9), to which neither party filed objections.

The magistrate judge, in her PF&R, found errors in both the mental Residual Functional Capacity ("RFC") analysis and the subjective symptom analysis performed by the Administrative Law Judge ("ALJ"). In the RFC analysis, the ALJ

failed to provide a "narrative explanation that addresses and reconciles the evidence regarding [Plaintiff's] limitations related to her non-severe mental impairment and then logically creates a bridge to the RFC finding." ECF No. 9 at 18. The subjective symptom analysis was similarly "deficient because the ALJ did not analyze [Plaintiff's] mental impairment." Id. at 22. Specifically, "[t]he ALJ did not identify whether [Plaintiff's] medically determinable generalized anxiety disorder could reasonably be expected to produce her symptoms, and, if so, evaluate the intensity, persistence, and severity of the symptoms to determine the extent to which they prevent her from performing basic work activities." Id.

Finding that both errors precluded meaningful review of the decision, the magistrate judge recommended that the Commissioner's decision be reversed, and the case be remanded, so that (1) "the ALJ may reexamine or elaborate upon her analysis of [Plaintiff's] mental functional abilities and RFC finding," id. at 19; and (2) "the ALJ may reexamine or elaborate upon the subjective symptom analysis of [Plaintiff's] mental impairment," id. at 23.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and

recommendations to which no objection has been addressed. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added). Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court. See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989). Objections in this case having been due on September 18, 2023, and none having been filed, this matter may be duly adjudicated.

     Accordingly, it is ORDERED that:

1. The findings made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. The Plaintiff's request for remand of the Commissioner's decision be, and hereby is, GRANTED;

3. The Commissioner's request for judgment on the pleadings be, and hereby is, DENIED;

4. The decision of the Commissioner be, and hereby is, REVERSED and REMANDED;

5. This civil action be, and hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: September 22, 2023

John T. Copenhaver, Jr.
Senior United States District Judge